UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KENISHA L. STANDIFER, <br><br> Plaintiff, <br><br> v. <br><br> ENHANCED RECOVERY COMPANY, LLC and DOES 1-10 inclusive, <br><br> Defendants. | **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

# INTRODUCTION

1. This action arises out of Defendant ENHANCED RECOVERY COMPANY, LLC and DOES 1-10's ("Defendants") repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Georgia Fair Business Practices Act, O.C.G.A § 10-1-390 *et seq.* ("FBPA").

2. Defendants have placed dozens, if not hundreds, of telephone calls to Plaintiff's cellular telephone without her prior express consent.

3. Most of these calls occurred after Plaintiff told Defendants to stop calling.

4. All of these telephone calls were made using an automatic telephone dialing system as defined at 47 U.S.C. § 227(a)(1).

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* and the Georgia Fair Business Practices Act *("FDCPA")* O.C.G.A. § 10-1-390, *et seq.*

7. Venue is proper in this District because the Defendants may be found in this District, and some of the acts and transactions occurred in this District.

## PARTIES

8. Plaintiff Kenisha Standifer (hereinafter "Plaintiff") is a citizen and resident of Butts County Georgia.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff received multiple collection communications from and on behalf of Defendants while in Georgia on a cellular telephone that is the subject of this litigation.

11. Defendant ENHANCED RECOVERY COMPANY, LLC is a Georgia Corporation, registered in Georgia and authorized to conduct business in Georgia.

12. Defendant ENHANCED RECOVERY COMPANY, LLC is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (10).

13. Does 1-10 (the "Agents") are individual agents employed by Defendant ENHANCED RECOVERY COMPANY, LLC whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

14. Does 1-10 (the "Agents") are individual agents employed by Defendants WELLS FARGO, whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

## FACTUAL ALLEGATIONS

### *Summary*

15. All of the above-described collection communications made to Plaintiff by Defendants and other collection employees employed by Defendant ENHANCED RECOVERY COMPANY, LLC were made in violation of the TCPA, FDCPA, and FBPA.

16. The Defendants' persistent autodialed calls eliminated the Plaintiff's right to be left alone.

17. These autodialed collection calls disrupted Plaintiff's solitude.

18. These autodialed collection calls annoyed Plaintiff.

19. These autodialed collection calls tied up Plaintiff's phone line.

20. These autodialed collections calls became a part of her life as a constant.

21. On many occasions, the constant phone calls would cause her to decide to not take her cell phone with her because it would embarrass her.

22. The annoyance of the calls would create agitation.

23. Beginning on approximately January 1, 2012, and continuing through approximately the date of this Complaint, Defendants placed telephone calls to Plaintiff's cellular telephone, number (XXX) XXX-2791.

24. These calls were an attempt to collect a debt from a third-party with whom Plaintiff does not know.

25. Plaintiff never provided Defendants with prior express consent to make any of these calls to her cellular telephone.

26. Plaintiff also specifically told Defendants to stop calling.

27. Nevertheless, the calls continued.

28. All of these calls were made using an "automatic telephone dialing system" as defined at 47 U.S.C. § 227(a)(1) and as explained in subsequent FCC

regulations and orders. The system(s) used by Defendants have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. This is evidenced by:

- The frequency of the calls;

- The persistence of the calls;

- An unnatural period of silence when Plaintiff answered the call;

- "Dead air" calls. Many of the calls from Defendants' telephone numbers had no agent on the other line when Plaintiff's answering machine answered.

- Plaintiff's inability to stop the calls.

30. All of the above makes plausible that Defendants' calls used equipment that meets the definition of an "automatic telephone dialing system" in making calls to Plaintiff.

31. In particular, dead air calls and unnatural periods of silence are indicative of a "predictive dialer," which is an automatic telephone dialing system under the statute.

32. Calls contained pre-recorded messages.

33. Plaintiff has suffered actual injury as a result of Defendants' telephone calls, including, but not limited to, reduced device storage space, data usage, plan

usage, tied up telephone line, lost time tending to the unwanted telephone calls and responding to Defendants' unlawful conduct.

34. Plaintiff is entitled to statutory damages and injunctive relief.

## TRIAL BY JURY

35. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

36. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

37. Defendants placed repeated calls to Plaintiff on her cellular telephone.

38. Defendants knew, or should have known, that it was calling a cellular telephone.

39. These calls all used an automatic telephone dialing system.

40. Defendants knew that their calls used an automatic telephone dialing system.

41. Defendants were reckless in using this dialing system.

42. These calls were all made in an effort to collect a debt from a third-party.

43. Plaintiff did not consent to Defendants placing such calls to her cellular telephone.

44. Plaintiff also told Defendants to stop calling.

45. Defendants therefore knew or should have known that it did not have consent to call Plaintiff's cellular telephone.

46. Each call annoyed the Plaintiff.

47. Each call caused Plaintiff to rush to the phone thinking the call was for her, but they never were.

48. Each call made her think that Defendants would never stop calling no matter what she did.

49. The calls made her feel overwhelmed trying to stop them.

50. The calls cause her to become argumentative with her family and friends.

51. The calls were not placed for "emergency purposes."

52. The calls were not placed on behalf on any governmental agency.

53. Plaintiff is entitled to an award of $500 in statutory damages for each call made negligently, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**COUNT II.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

## AS TO PROFESSIONAL PLACEMENT SERVICES ONLY

55. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. Defendant continued to call her.

57. Defendant was attempting to collect this debt from Standifer in the wrong amount.

58. The attempt to collect another's debt from Standifer is unfair or deceptive acts.

59. Defendant continued to call repeatedly for years.

60. Defendant called at different times as if to see when Standifer may answer.

61. Defendant was attempting to harass Standifer into payment.

62. Defendants' repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d and 1692d(5) amongst others.

63. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to,

each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

64. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## COUNT III.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The Defendant's actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

67. Defendant violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-390.

68. Defendant was told to stop calling.

69. Defendant continued to call the same number.

70. Defendant's calls caused damages to her emotional wellbeing.

71. Defendant's calls were intended to harass Standifer into paying.

72. Defendant's calls were at all different times as to surveil when Standifer would be able to receive calls.

73. These surveilling phone calls happened at all hours of the day for over two years.

74. These calls continue at the time of the filing of this complaint.
    Using an illegal phone dialing system to collect a debt is an unfair or deceptive act.

75. Defendant was abusive in the collection of debt.

76. Defendant acted intentionally in violating the GFBPA.

77. Plaintiff suffered damages because of Defendant's violations of the GFBPA as described above and to be further established at trial.

78. Defendant does not have any assets or property within the state of Georgia.

79. Plaintiff is entitled to the recovery of damages and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399 from both Defendants.

80. Plaintiff is entitled to treble damages.

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against all Defendants;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against all Defendants;

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant;

- for an award of attorney's fees pursuant to O.C.G.A. 10-1-390 *et seq.* against Defendant;

- for an award of damages against Defendant pursuant to O.C.G.A. 10-1-390 *et seq.*; and

- for an award of treble damages against pursuant to O.C.G.A. 10-1-390 *et seq.*;

This 15th day of November, 2016

                                  Respectfully submitted,

- 12 -

**JOSEPH P. MCCLELLAND, LLC**

By:  **s/Joseph P. McClelland**
Joseph P. McClelland, Esq.
Attorney I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone:  (770) 775-0938
Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**

- 13 -

Case 5:16-cv-00521-CAR   Document 1   Filed 11/29/16   Page 13 of 13